16-1410 Tinnus Enterprises v. Telebrands Corporation 16-1410 Tinnus Enterprises v. Telebrands Corporation  16-1410 Tinnus Enterprises v. Telebrands Corporation May it please the Court, I am Mike Underhill representing Telebrands Corporation and for We ask the Court to find that the District Court abused its discretion in granting the preliminary injunction against the Telebrands balloon by the ends of product, a copy of which I'm holding here. By way of background, the patent suit is- Okay, well, let me ask you, what is our standard? We all know what the patent is. We read it. Sure. We even played with the little balloon things. Oh, good. It was all I could do not to actually blow them up and throw them at my colleagues, but- Oh, that's a lot of hot air. I'm going to blow them up with water. But in any event, my question for you is, what is the standard of review for us? And the reason I ask you this is because usually we review a PI under an abuse of discretion standard, which would be de novo on the legal issues and clear error on the factual ones. But here, this case is coming from the Fifth Circuit, and the Fifth Circuit says, unrelated to PIs, which is just in general, under the law, that when there is a report and recommendation from a magistrate judge, and that report and recommendation then goes to a district court judge who has to consider whether to adopt it, anything you don't specifically object to, and you later want to appeal, forget the abuse of discretion standard or whatever other standard would have applied, you're now limited to a plain error review. As you can imagine, when you're raising indefiniteness and obviousness, which are questions of law, there's a really big difference between what we can do on appeal de novo versus what we can do if we're limited to plain error review. So do you dispute that your invalidity challenges, which you did not object to after the report and recommendation, like indefiniteness you never even mentioned, do you dispute that we can only review that now for plain error under the Fifth Circuit law? Your Honor, I believe that that's factually incorrect. With respect to the objections to Judge Schrader, the telegram specifically identified four claim terms. Show me where you objected to indefiniteness, because I'll tell you at the appendix, it's 1986. If you objected to indefiniteness, you didn't give us the page where you see the appendix, nor did you cite them in the briefing, because I can't find any single word that manifests an objection to indefiniteness determination. Your Honor, I agree that it could have been clearer. Could it have been clearer? No, which part is unclear but nonetheless covers it? Your Honor, I'm going to read it. It says the R&R identifies at least four claim terms. What page are you on? I believe I'm at A, 1986. The R&R identifies at least four claim terms, attached, connecting force, elastic fastener, and the shaking limitation, that must be construed in order to properly determine the meaning and scope of the claims. Yet instead of construing these terms, the R&R simply states that each of the terms presents a claim construction dispute. This is a clear legal error, whereas here the likelihood of success factor depends fundamentally on the meaning of the asserted claims. And so indefiniteness, Your Honor, is part of claim construction. But this is substantially filled. You haven't even, let alone that you didn't mention indefiniteness. Instead you just say the terms have to be construed. You didn't mention the substantially filled term. Well, the elastic fastener is what we're talking about, Your Honor. And specifically the hearing claim one, which is the only independent claim, requires an elastic fastener having a connecting force that holds each container to a hollow tube. And the elastic fastener language of the claim is about half the claim. The patent makes clear that it's not just any connecting force that we're talking about. Okay, so you've now stopped responding at all to my concerns about the standard review. This is not very helpful for your case and you're going to move on to the merits. Is that where we are? I mean, I'm sensing by your current language that we're now done discussing whether plain error applies or not, which I still think does. And you have not dissuaded me at all by a sentence. I'm sorry, Your Honor. I should have addressed that. I do think plain error occurs if it was not raised with the district judge. Here I think it was raised with the district judge. I think we're talking about abuse of discretion. So you think the sentence that says you should have construed the claims is preserving your on notice that you were objecting to the magistrate's findings on indefiniteness. You think that should have put the district court judge on notice? I do, Your Honor. So let me just be clear. If you argue to me, Your Honor, you need to construe claims. Yes. Do you think I should interpret that as, Your Honor, these claims are indefinite? Based on the record before the magistrate in which the argument with respect to construction was part of the indefiniteness argument? Yes, Your Honor, I do. And where did you object to obviousness so that I can ascertain whether that was properly reserved for an abuse of discretion style appeal or plain error? I believe on that one, Your Honor, there was no objection. I believe it's plain error. I thought that indefiniteness meant that the claim cannot be construed. So it seems opposite to me for you to be telling the district court that the term must be construed and that by saying that, you're preserving an indefiniteness argument. Yes. Your Honor, I do not believe indefiniteness does mean that it cannot be construed. Here, the term can be construed. I think the proper construction based on the claim language and the specification is that it's completely subjective. Subjectively filled is whatever the user wants in the way of filling. That is the definition that the patent uses over and over again. That's the only guidance with respect to substantially filled. You meant to say substantially filled. I beg your pardon? You meant to say substantially filled. Yes, Your Honor, I did. And so that's fine. It can be construed. But once it's construed in that manner, the patent is indefinite. And specifically, the connecting force has to have two qualities as described in Claim 1. First, the connecting force must be sufficiently strong that it holds the container on the hollow tube without the container falling off when the container is substantially filled with water. That's the first requirement. Stated another way, if the connecting force permits the container to fall off the tube before or while it is substantially filled, there is no infringement. Second, the connecting force must also be sufficiently weak that shaking the hollow tubes causes the substantially filled container to detach. These are three different embodiments, right? I beg your pardon? Aren't those three different embodiments? There's three different embodiments in the patent, one in which the balloons are shaken off, one in which gravity pulls them off, one in which the force is tight enough that shaking doesn't work and so you have to pull them off with your hands. Aren't those three different embodiments? Your Honor, I am completely focusing right now on Claim 1. You are correct that there is language in the patent that talks about pulling it off. I am completely focusing right now on Claim 1, which was the subject of the preliminary injunction. I understand. And it is very specific as to what it's claiming. Please don't interrupt. I'm sorry, Your Honor. What I was trying to say is that the specification is relevant to understanding the claim. That's my understanding. And so the specification talks about three different embodiments, one of which seems to be claimed here. And the one that's claimed is the one where the force is tight enough that once the balloon gets substantially filled, you can shake it off. That's correct, Your Honor. I think that's right. Yes, Your Honor. The gravity doesn't pull it off. That's correct, Your Honor. And also, does it require a hand to pull it off? I agree with you, Your Honor. Yes. These are functional limitations in an apparatus claim. And so there is, therefore, an incredible premium on being able to determine when a container is substantially filled and when it has not yet reached that point. And also, we need to understand what we need by shaking to be able to give any meaning to this claim. And one problem here is that one of Ordinary Scale and the Art cannot objectively determine when a container is substantially filled with water. As the Patent Office found, as stated by the Patent Office in its decision, the specification teaches that containers 18 may be considered filled when an individual user subjectively determines that a desired size or volume has been reached. And the citations that the Patent Office relied on is in our papers. In the court below, the patent owner's expert testified that one of Ordinary Scale and the Arts, this is their expert, would rely on these subjective passages to discern the meaning of substantially filled. And I cite the court to the appendix at 995 to 996. Further, he acknowledged that one of Ordinary Scale would understand that each of these different containers would be filled with a different volume of fluid, depending on the size, shape, and characteristics of the container. That's at page 995. This subjectivity is fatal here. Substantially filled for one user or for one particular use may be completely different for a different user or a different use. The same device with the exact same elastic fastener can be either infringing or non-infringing, based on the subjective desires of different users. That can't be the law. Consider, for example, a system for... But suppose that I say something has to be of sufficient weight such that a child can't lift it, or something like that, right? There's got to be some governing principle that defines what do we mean by child? Are you talking two-year-old or 15-year-old? I mean, you have to be able to say substantially, because there's a million claims that use the word substantially. So is your problem that whether a child is filling these things and shaking them is a different force than whether an adult is filling them and shaking them? I mean, the word substantially in the abstract can't get you off the hook. So what is it... Right. Your Honor, we don't have a problem with the word substantially. We agree there's lots of cases out there that use the word substantially. To be clear, the patent here is not directed just at toys. The patent, there's embodiments for both elastic and inelastic containers, and there are medical applications, including holding blood or bodily fluids. Are those covered by the claim? Yes, they are. Yes, they are, Your Honor. And so consider, for example, a system of containers for holding blood, which is one of the fluids that's specifically identified in the patent. When is the container substantially filled? Well, let's say if you're going to use the blood for a cholesterol test, the container is probably filled when you have a very, very tiny amount, because that's all you need. But if what you need is blood for a transfusion, then a much larger amount of blood, maybe a liter, is needed. Okay. Now, the unresolvable question of when a container is substantially filled is made even more complicated by the fact that the containers claimed in Claim 1 can be filled with any fluid. No, it says substantially filled with water. No, Your Honor. Would you please look at the very bottom of that claim? It uses the word fluid. And then, Your Honor, if you look at Claim 8, which is a... Yes, but in the element right before, it says that shaking the hollow tubes in which the overcomes the connecting force. So, to the extent that you're trying to determine at what point they should fall off, the shaking should cause them to fall off, it specifically says with water. That's exactly my point, Your Honor. So, the container that's claimed in the system can be for any fluid at all. At the very bottom, it says fluid of that claim. If you look at Claim 8, which is the deep end of the claim, it says that it can be air or helium are two choices. So, the only way to reconcile that language is that Claim 1 covers containers that contain any kind of fluid, but you have to determine whether the connecting force requirement is met with water. But that's more specific, not less, because different fluids have different weights. And, of course, if you're using a very dense and, therefore, heavy fluid, it's going to require less filling to cause it to break its connection. So, isn't it more specific, and, therefore, less likely indefinite, when it actually specifies the exact type of fluid that should be utilized and with which shaking should determine when it disconnects? No, it doesn't. For this reason, you have to know what substantially filled means. Let's say I'm filling helium balloons. My helium balloons are three inches in diameter. No, but it says substantially filled with water. I'm going to get there. The product I come out with, let's say I fill it with helium, that is covered by the claim. Fluid covers helium. Claim 8, the dependent claim, specifically says that this can be used for filling helium. But when I come out with my helium device, I now have to determine whether or not the connector is met. And so, what I have to do is I have to fill my helium device with water to determine whether or not the connecting force limitation is met. Well, that seems inconvenient, but it doesn't seem indefinite. How hard is it? How hard is it to fill a container with water? Your Honor, how much do I fill it? If my helium balloons are three inches, how much do I fill my water balloons to test it? Do I fill it with three inches? It's going to behave completely differently, as you pointed out. I don't understand your argument. Whatever container you're utilizing that is going to involve the connecting force is going to be filled with water to test it, and then you'll know whether it meets the claim limitation or not. But how big do I fill it up to? To the point at which it will disconnect with shaking. That's how big you fill it. No, but Your Honor, the question is, when I get it to substantially filled, does it fall off the tube? That's the first test. The second test is, I'm sorry, before. Does it fall off before I get it to the point of substantially filled? The second part of the test is, okay, after I get it to the point of substantially filled, can I shake it off? Obviously, a product that is made for use with helium is going to behave completely differently when I stick water in it, and I'm not going to have any idea. Well, wait. Let me back up for a second. I understand what you're saying. The connecting force, the entire limitation that you say is the bulk of the claim, when it talks about the connecting force, it doesn't say when substantially filled with something else, helium. It says over and over again with water. So this substantially filled limitation is defining what the fastener's connecting force has to be, right? Yes, Your Honor. So I don't see how helium or any other kind of other fluid that is filled in another limitation to claim is relevant. Because at least with respect to the limitation where they're talking about the force, it says water in every occasion, right? Yes, Your Honor. My argument goes to substantially filled. How do I determine when it's substantially filled when this product was never even made for water? This product was made for helium. So how do I know when whatever this container is that I normally put helium in is substantially filled when I'm using it with respect to water? Okay, Mr. Underhill, you've used all your time and all of your rebuttal time. So why don't we let Mr. Dunlap have a chance? Where are your honors? May I hand forward a demonstrative exhibit? I've conferred Mr. Underhill. He's okay with it, if it's okay with you. You can give it to the court in depth. Would you bring three? Because, I mean, don't make us fight over them. I brought three, Your Honor. I brought four, actually, just in case. But Mr. Underhill has some of his own. I get the orange. And, Your Honor, what your honors have in front of you, may it please the court, but what your honors have in front of you are a copy of the Balloon Bonanza product and the Bunch of Balloons product. And the Bunch of Balloons product is the patented product. I think, I guess what this boils down to, and everyone's really interested in substantially filled, but it boils down to the fact that Telegranz hasn't met the standard for plain error on review. They've said that the patent is in... It's the standard that applies to every one of their invalidity defenses raised here on appeal because they did not object to them before the district court. And that the sentence he read about, hey, you need to construe the claims, isn't enough to preserve an objection on a particular invalidity defense. Your Honor, that is our position. We feel that that sentence was not enough for the district court judge to go back and say, you know, what do you want to construe? Why do I need to construe them? There was no dispute at the lower level when you were here in my court. So even though, for example, obviousness and indefiniteness, all of our argument was focused on indefiniteness today, even though those are normally legal questions, we don't review them de novo on appeal. We review them for plain error, which is a very, very deferential standard, correct? Absolutely, Your Honor. In this case... Yes, yes, of course. Oh, I didn't mean generally because if they were raised, obviously in the lower court, if they had given us a chance or given the judge a chance to have a dialogue about this, then you would have a lot more record in front of you, obviously. And I think that's part of the reason that that is the standard. Do you agree, though, that they did raise the infringement argument? They did raise the infringement argument, which I think is pretty cool, actually, because in their infringement argument at A1462, their expert actually said about their products why it doesn't infringe, because the balloons naturally fall off the tubes when the balloons are substantially filled with water. They said, well, their expert said, you know, ours is different because when we substantially fill ours, they fall off the tubes. So I think you can, and I know it's plainly understated, but I think you can know when substantially filled happens, whether you're an expert skilled in the art with an associate's degree in engineering, which is the standard here, or you're a nine-year-old. My nine-year-old son, believe me, they're biodegradable, but they're hard to clean up, knows when these balloons are substantially filled such that he can shake them off and throw them at his friends and his parents. So I don't think that this substantially filled is indefinite in any sense of the word. In fact, this court has never, that I've found anywhere, nor that they've found, that I could find, found the word substantially or substantial to be indefinite. You have substantially flattened in platex, which is a great case, substantially planular in verve, substantially centered in apple. Their concern is filled, right? But by the same token, Mr. Underhill said, well, if you have an elastic container, I think their contention is that if an elastic container is filled, you can't know when it's filled because it expands, which means that their contention is that elastic expands forever. You can never know when a helium, you go to the store and you buy a helium balloon and that helium balloon filler person can't say, well, this is filled, I'm going to hand it to you now. They just put a little teeny bit of air in it. No, it's a common term that we all understand what it means. Same with the blood example. My argument, the concern is, at what point do you know that you're substantially filled? You know you're substantially filled when, well, in this case, in this patent, when the balloon is released by shaking is what we say, but I think that that's a subset of when something's substantially filled. I think substantially filled by itself is something that's just capable of being understood by somebody skilled in the art, and that's the only standard to apply to the term substantially filled here. Their expert said, and our expert said, we know when a hard container is substantially filled. Everybody knows that. What suddenly, when it turns elastic, makes an engineer say, I can't figure out when that's substantially filled, because it's elastic now. It's made out of latex and not, you know, polypropylene. Same thing with blood. One example Mr. Underhill gave was, well, if you have a milliliter of blood and you need only a milliliter, well, that's not substantially filled, but it might be for a medical application. Well, same for a hard container. He's saying we always know when a hard container is substantially filled. That's a functional application, saying, well, if you're using that liquid for a certain function, and I think that that's not the issue here. The issue here is... Well, but the question would be, if you needed three milliliters of blood and you got to 2.98, you would say, well, it's substantially filled. Exactly, Your Honor. I absolutely agree with that. But it doesn't matter whether it's in a soft-sided elastic container or this. You're going to know when a container is substantially filled. If it was a hypothetical forever-expanding container, then perhaps you wouldn't know. Mr. Underhill suggested that... Your expert seemed to suggest that substantially filled means just to a desired amount, even if it's just, you know, half the balloon before it even starts to expand. Do you agree with that? I do not. So I think what they did is they sucked down or sucked into the claim part of the specification because substantially filled, you don't need to go there because we already know what substantially filled means. Substantially filled is substantially filled. You can look at... You can screw this into a hose and you can see, oh, okay, it's substantially filled and I can shake them and they fall off. We know how this works. In fact, in Telegram's directions, which are included in the package that I handed, Your Honors, it says, you know, when the product is substantially filled and is released by shaking. It's actually in their directions as well as ours because that's how the product works. And I don't know if I answered your question, Your Honor. Does that... It answers my question. I mean, I'm thinking substantially filled would mean near the top of the balloon. The water's near the top of the balloon and it may go from there until it's fully expanded and pops. Exactly. You know, I mean, there's... But that's for a person of ordinary skill in the art to determine. I just wanted to make sure I understood that your position wasn't, it's anything. Anything that's a desired amount. No, no, no, no, no, no, no, no. No, there's no desired amount at all. I don't think you have to read anything into the claim term substantial filled because it just is what it is. Substantially filled is something that we're all capable of understanding, that children are capable of. Fortunately, it's not a laser-based ground radar thing or, you know, the other stuff that you were looking at earlier. This is a balloon with water in it that you screw into a garden hose. It's ingenious. Substantially filled is when it's filled enough to make your little brother cry. Yeah, or if you don't fill it enough, they hurt more. I don't know. Just not giving you advice, but they pop easier if you fill them a little bit more. So, Your Honor, I can continue if you'd like and kind of go through our argument. I don't know if you have anything you'd like me to focus on, but I don't want to burn your time if you feel that that's the primary issue before us. Well, that was the issue that Mr. Underhill focused on. If you reach anything he didn't focus on, you allow him to address it on rebuttal. I'm giving you a piece of advice now, if you're listening. If you don't address anything he didn't address, then he doesn't get to address it. Absolutely, Your Honor. And at this point, I think we're going to rest in our briefs. Good idea. May I have some additional time, Your Honor? Two minutes. Thank you, Your Honor. First, I do want to address the plein air issue. I do believe we raised indefiniteness correctly below. To be clear, the indefiniteness issue was certainly raised with the magistrate. That's certainly not an issue. The question was whether the connecting force limitation, which is defined in part by substantially filled, rendered the claim indefinite. The magistrate found, however, that it was definite. Telebrains then objected that the magistrate had never defined connecting force. And this is, I believe, clear in our papers. I think that's a fair raising of the issue with respect to indefiniteness. On the issue, what counsel said is that substantially filled is when it falls off the bloom. Well, that's wrong. The claim limitation says that once you get it to substantially filled, it can't fall off by itself before then. And after you get it to substantially filled, you have to be able to shake it off. So if you can't shake it off, there's no infringement. So the substantially filled question is a gatekeeper issue. We cannot figure out whether the connector is met or not until we determine what substantially filled is. And it's not as simple as a lot of cases where you look at it and say, yeah, it's almost there. The problem is the patent specifically defines substantially filled as filled to a desired size. So we really are left with a completely subjective claim. You may look at it and say it's substantially filled. I may look at it and say it's not. And the question of whether or not it's substantially filled or not is going to completely determine whether it falls off or whether it has sufficient staying power to stay on. I would also direct the court to footnote three of our objections to the district court judge, which also addresses this substantially filled limitation. Okay, Mr. Udderhill, your time is up. Thank you. Thank all counsel for their argument. The case is taken under submission.